# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Ronald Stolle, | ) | CASE NO: 5:12CV1488 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Kent State University, et al., | ) | (Resolving Docs. 9, 11) |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendants' motion for partial dismissal of the complaint (Doc. 9), and Plaintiff's motion for leave to amend his complaint.  The partial motion to dismiss is GRANTED.  The motion for leave to amend (Doc. 11) IS DENIED.

## I.  Legal Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

> in support of his claim which would entitle him to relief"), characterizing
> that rule as one "best forgotten as an incomplete, negative gloss on an
> accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id*.  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

Furthermore, pursuant to the Federal Rules of Civil Procedure, leave to amend shall be "freely give[n] ... when justice so requires." Fed.R. Civ.P. 15(a)(2). However, "[a] motion to amend a complaint should be denied if the amendment … would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371 U.S. 187, 83 (1962)). A proposed amendment is futile if the amendment would not withstand a motion to dismiss.  *See Smith v. Chattanooga*, 2009 WL 3762961 (E.D.Tenn. Nov. 4, 2009) (finding an amendment futile because it would be barred by the statute of limitations); *Render v. Forest Park Police Dept*., 2009 WL 1788342 (S.D.Ohio June 23, 2009 (same).  *See also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th

Cir. 2000); *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

## II.  Analysis

In their motion to dismiss, Defendants Kent State University, John Thornton, Richard Kolbe, Kathryn Wilson, and Lester Lefton raise numerous arguments.  First, Kent State University asserts that it must be dismissed because it is not a "person" for purposes of 42 U.S.C. § 1983.  In his response, Plaintiff Ronald Stolle concedes that Kent State University should be dismissed.

Next, Defendants Thornton, Kolbe, and Wilson seek dismissal of any *monetary* claims against them in their official capacities as administrators at Kent State University. Stolle again concedes that these specific claims are properly dismissed.

Finally, Defendant Lester Lefton, President of Kent State University, seeks dismissal of all claims against him.  Stolle makes no argument that his initial complaint properly states a claim against Lefton.  Moreover, the Court's review indicates that the complaint contains no factual allegations whatsoever against Lefton.  Accordingly, dismissal of that complaint is proper.

Stolle attempts to remedy this deficiency through seeking leave to amend the complaint to add factual allegations against Lefton.  However, this amendment would be futile.  Even considering the additional allegations, the amended complaint would fail to state a claim against Lefton.

Stolle's complaint contends that Kent State University administrators violated his First Amendment rights on two occasions.  First, Stolle contends that a meeting was held on January 13, 2011 after administrators learned that Stolle had sent a letter to the

Speaker of the House for the Ohio General Assembly.  Stolle contends that he was ordered to "cease and desist" from engaging in such conduct.  Second, Stolle contends that his contract was non-renewed in 2012 based upon his prior speech.  In his proposed amended complaint, Stolle alleges as follows with respect to Lefton:

> To the best of Stolle's knowledge, information, and belief, Thornton and Kolbe were acting at the behest of University President Lester Lefton when they demanded he cease further communications with state officials.
>
> In his capacity as President of the University, Lefton confirmed the decision to non-renew Stolle's employment.

Doc. 11-1 at 4-5.  These are the sum total of the allegations against Lefton.

During the case management conference in this matter, Stolle's counsel conceded that he had no factual basis for these assertions.  Instead, he asserted that they were permissible inferences because of Lefton's status as President of Kent State University.  However, this logic relies again on the flawed theory of *respondeat superio*r.  Stolle effectively seeks to keep Lefton in this litigation solely based on his status as a superior to the administrators that were actively involved in the conduct alleged in the complaint.  Such a claim is not viable.  *See Iqbal*, 556 at 676 ("Based on the rules our precedents establish, respondent correctly concedes that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

As the Court indicated during the CMC, if discovery demonstrates personal involvement by Lefton, Stolle may seek leave to amend the complaint to raise allegations that are grounded **in fact**.  Until such time, Lefton is dismissed as a defendant in this matter.

4

### III.        Conclusion

Defendants' partial motion to dismiss is GRANTED.  Defendants Kent State University and Lester Lefton are DISMISSED from this matter.  The monetary claims against the remaining Defendants in their official capacities are likewise dismissed.  The motion for leave to amend is DENIED as futile.

IT IS SO ORDERED.


September 20, 2012                          _____/s/ Judge John R. Adams_____
Date                                                JUDGE JOHN R. ADAMS
                                                        UNITED STATES DISTRICT COURT