UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RONALD STOLLE,** | ) | CASE NO. 5:12-CV-1488 |
| | ) | |
| **Plaintiff,** | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| **KENT STATE UNIVERSITY,** | ) | **MEMORANDUM OF OPINION** |
| **et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Pending before the Court is Defendant Kathryn Wilson's motion for judgment on the pleading.  Plaintiff Ronald Stolle has opposed the motion and in the alternative sought leave to amend the complaint.  The motion for judgment on the pleadings is GRANTED.

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."  The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).  The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a

1

> complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

The Court has detailed the facts of this matter in its order on two motions for summary judgment and will not reiterate those facts herein. Instead, the Court will focus solely on the narrow issue presented by the motion for judgment on the pleadings.[1] The issue presented is whether, even in his proposed second amended complaint, Stolle has pled a First Amendment retaliation claim against Wilson. Upon review, the Court determines that he has not done so and therefore the claims against Wilson are dismissed.

Stolle claims that by virtue of affirming the decision of Thornton to non-renew his contract, Wilson is also liable for retaliation. In support, Stolle alleges as follows:

> Pursuant to University procedures, Stolle appealed the decision to Interim Dean Kathryn Wilson. Wilson reviewed the decision and discussed it with Thornton

---

[1] For ease, the Court will the allegations in Stolle's proposed second amended complaint as those allegations similarly do not survive the motion for judgment on the pleadings.

> and other Finance Department faculty members. During the course of her review, she was aware of Kolbe and Thornton's cease and desist order as well as Stolle's concern that he was being retaliated against on account of his protected speech. Wilson sent Stolle a letter informing him that she supported Dr. Thornton's decision, and affirmed the recommendation for non-renewal on March 5, 2012. In her capacity as Interim Dean of the College of Business, Dean Wilson's decision was final.
>
> In confirming the decision to non-renew Stolle's contract, Dean Wilson directly participated in, or at least implicitly authorized, approved or knowingly acquiesced in retaliating against Stolle for exercising his right to free speech.

Doc. 26-1 at 5. Initially, the Court would note that it has already concluded that the "cease and desist order" did not constitute actionable retaliation. Moreover, Stolle's legal theory appears to be that since he *alleged* to Wilson that he had been retaliated against, **any** action thereafter by her somehow authorized or approved of such conduct. Stolle's factual allegations fall woefully short of stating such a claim.

Stolle does not allege any actual knowledge by Wilson of unlawful retaliation by any person involved in the non-renewal of Stolle's contract. Instead, Stolle seeks to directly impute the conduct of others to Wilson without any legal basis for doing so. As the complaint is entirely bereft of any facts from which one could conclude that Wilson was even aware of unlawful retaliation, let alone approved of such conduct, Stolle has failed to state a claim against her.

The motion for judgment on the pleadings is GRANTED. The claim against Defendant Kathryn Wilson is hereby DISMISSED.

**IT IS SO ORDERED.**


Dated: _7/23/13_____          ___/s/ John R. Adams_____
                                **JOHN R. ADAMS**
                                **UNITED STATES DISTRICT JUDGE**